UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

GLENN OGLE,

          Plaintiff,          Case No. 1:11-cv-124

v.                                    Honorable Robert Holmes Bell

PRISONER HEALTH SERVICES et al.,

          Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Prisoner Health Services and the unknown Warden of the Pugsley Correctional Facility. The Court will serve the complaint against Defendants Wright, Myers, Kissan, Stephenson and Molenkamp.

**Factual Allegations**

Plaintiff currently is incarcerated in the G. Robert Cotton Correctional Facility, but the events giving rise to his complaint occurred at the Pugsley Correctional Facility. In his *pro se* complaint, Plaintiff sues Prisoner Health Services (PHS) and the following Pugsley employees: Health Unit Manager Karen Wright; Nurse Practitioner P. Myers; Registered Nurses L. Kissan and Jeannie Stephenson; Officer (unknown) Molenkamp and the unknown Warden of the Pugsley Correctional Facility.

On December 22, 2009, a prisoner attacked Plaintiff by throwing boiling water on his upper back and shoulder and then striking him. Defendant Molenkamp and other officers intervened and handcuffed both Plaintiff and the other prisoner. Plaintiff informed the officers that he was badly burned and the pain was unbearable. Molenkamp ordered Plaintiff to put on his coat before going to the health care unit. Plaintiff initially refused because of the burns to his body, but Molenkamp gave him a direct order to put on his coat. Because Plaintiff was handcuffed, Molencamp put the coat on Plaintiff and zipped up the front. Plaintiff claims that when they removed his coat in health care, "chunks of skin fell from his chest and back and some of the flesh remained stuck to the inner lining of the coat." (Compl. Page ID #5). Medical staff bandaged Plaintiff's wounds and gave him Tylenol for the pain. Over the next five days, Plaintiff repeatedly complained that the pain was unbearable. When medical staff changed Plaintiff's bandages on December 26, they discovered that the area had become infected. After a five-day delay, Plaintiff was transported to the Munson Medical Center. He was admitted to the hospital and underwent several skin grafts. Plaintiff subsequently was transferred to D. L. Waters Hospital for further treatment.

Plaintiff claims that Defendants Wright, Myers and Kissan denied him proper emergency care for his severe burns and caused to him to suffer unbearable pain for five days before approving further medical treatment in violation of his Eighth Amendment rights. He further claims that Defendant Molenkamp violated his Eighth Amendment rights when he forced Plaintiff to wear a coat over his severe burns, which exacerbated his condition and contributed to his extreme pain.

Plaintiff seeks injunctive and declaratory relief, as well as monetary damages.

## Discussion

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2));

*see also Hill v. Lappin*, ___ F.3d ___, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not make any specific factual allegations against the unknown Warden of the Pugsley Correctional Facility. He appears to sue the warden by virtue of his supervisory position at the prison. In addition, Plaintiff sues PHS only in its capacity as supervisor of Defendants Wright, Myers, Kissan and Stephenson. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. Grinter, 532 F.3d at 575; Greene, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that the unknown warden engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him. Similarly, while PHS is a state actor and therefore a proper party to this §1983 action, *see Street*, 102 F.3d at 814, PHS cannot be held vicariously liable for the actions of its agents on a respondeat superior basis. *See id.* at 818 (noting that "every circuit to consider the issue has extended the holding [of *Monell]* to private corporations as well"). Accordingly, Defendants PHS and the unknown Warden of the Pugsley Correctional Facility will be dismissed for failure to state a claim.

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendants Wright, Myers, Kissan, Stephenson and Molenkamp. Accordingly, the Court will order service of the complaint against them.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants PHS and the unknown Warden of the Pugsley Correctional Facility will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Wright, Myers, Kissan, Stephenson and Molenkamp.

An Order consistent with this Opinion will be entered.

Dated: February 17, 2011         /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE