UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| GLENN OGLE, # 712607, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-124 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| KAREN WRIGHT, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint is based on conditions of his December 2009 confinement at the Pugsley Correctional Facility (MPF). The defendants are Nursing Supervisor Karen Wright, Health Unit Manager Lori Kissau, Corrections Officer Kevin Molenkamp, Clinical Administrative Assistant Jeannie Stephenson, and Nurse Paula Meyer. Plaintiff alleges that defendants violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause by failing to provide appropriate medical care after plaintiff was involved in a December 22, 2009 altercation with prisoner Wojtkiewicz and suffered burn injuries from the hot water Wojtkiewicz threw on him.[1] Plaintiff sues defendants in their official and individual capacities. He seeks damages and declaratory and injunctive relief.

The matter is before the court on a July 18, 2011 motion for summary judgment by defendants Wright and Molenkamp (docket # 11) and a September 23, 2011 motion for summary

---

[1] All other claims were dismissed on February 17, 2011. (docket #s 4, 5).

judgment by defendants Kissau and Stephenson (docket # 28). Plaintiff has elected not to file a response to either motion. Upon review, I recommend that plaintiff's claims for declaratory and injunctive relief be dismissed as moot. I further recommend that all plaintiff's claim for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motions for summary judgment be granted and that a partial judgment be entered in favor of defendants Wright, Molenkamp, Kissau, and Stephenson on all plaintiff's claims for damages against them in their individual capacities. If this report and recommendation is adopted, plaintiff's only remaining claim will be his Eighth Amendment claim for damages against Nurse Paula Meyer in her individual capacity.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Kizer v. Shelby County Gov't*, 649 F.3d 462, 466 (6th Cir. 2011). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in

favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1).  FED. R. CIV. P. 56(c)(1).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e)(2), (3); *see Bozung v. Rawson*, 439 F. App'x 513, 518-19 (6th Cir. 2011).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, No. 10-2153, __ F.3d __, 2012 WL 117613, at * 2 (6th Cir. Jan. 17, 2012); *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011).

Although plaintiff elected not to file a response to defendants' motions for summary judgment, the court may not for that reason alone enter judgment against plaintiff.  *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000).  Rather, the court is required to examine the movants' summary judgment motions to ensure that they have discharged their initial burden.  FED. R. CIV. P. 56(e)(3).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. On December 22, 2009, plaintiff was an inmate at the Pugsley Correctional Facility (MPF). On that date, plaintiff was involved in an altercation with Prisoner Wojtkiewicz. After the prisoners were separated, plaintiff reported that he had been injured when Wojtkiewicz threw hot water on him.

Officer Molenkamp immediately escorted plaintiff to the prison's health care unit for examination and treatment. It was winter and the temperature outdoors was below freezing. Officer Molenkamp required that plaintiff put on his coat for the walk to the prison's health care unit. Plaintiff's skin appeared to be mildly red. It did not appear to be blistered or burnt. Molenkamp did not believe that requiring plaintiff to put on a coat would cause him more discomfort than having his skin exposed to the cold. (Molenkamp Aff. ¶¶ 1-5, docket # 12-3, ID#s 54-55).

Plaintiff received immediate and extensive treatment at MPF. (docket # 13, ID#s 72-110). On December 26, 2009, plaintiff was transported to Munson Medical Center in Traverse City based on concerns that plaintiff's wounds might be developing an infection and plaintiff's complaints of inadequate pain control. Plaintiff informed doctors at Munson that MPF's medical care providers had treated him with Ultram and Kerflex. Plaintiff was not in any acute distress. He related that when he was not incarcerated, he used "crystal meth and marijuana." (docket # 13, ID# 111). Plaintiff was treated at Munson and was later transferred to Duane L. Waters Medical Center in Jackson, Michigan. (*Id.* at ID#s 111-22). Plaintiff continued to receive follow-up medical care after being discharged from Duane Waters. (*Id.* at ID#s 123-27).

None of the moving defendants were plaintiff's MPF health care providers. Karen Wright was MPF's Nursing Supervisor. She was not a direct care provider and did not provide

plaintiff's medical care. She had no authority to approve or deny prisoner treatment. (Wright Aff. ¶¶ 1-5, docket # 12-2, ID#s 51-52). Lori Kissau was MPF's Health Unit Manager. She never provided plaintiff with nursing care or other medical treatment. She did not have any authority to send MPF prisoners offsite for medical care. (Kissau Aff. ¶¶ 1-8, docket # 29-3, ID#s 168-69).

Jeannie Stephenson was not employed at MPF. She was employed as a Clinical Administrative Assistant at the Northern Region Healthcare Office in Kincheloe, Michigan. (Stephenson Aff. ¶¶ 1-5, docket # 29-2, ID#s 165-66).

On March 3, 2011, plaintiff filed this lawsuit. On March 17, 2011, he was released from prison on parole. On April 11, 2011, plaintiff filed a letter notifying the court of his change in mailing address (docket # 30), but he has filed nothing since that date.

## Discussion

1. Mootness

Plaintiff has been released from prison on parole. His claims for injunctive and declaratory relief against defendants are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

2. Eleventh Amendment Immunity

All plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Michigan has not consented to civil rights suits in federal court. *See*

*Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants are entitled to dismissal with prejudice of all plaintiff's claims for monetary damages against them in their official capacities.

    3.    <u>Eighth Amendment</u>

Plaintiff alleges that defendants Wright, Kissau, Molenkamp, and Stephenson were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a

subjective component).  501 U.S. at 298.  No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against these defendants.

The objective component of the Eighth Amendment standard requires that a plaintiff be suffering from a serious medical condition.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The objective component requires a plaintiff to show that 'the medical need at issue is sufficiently serious.'"  *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)(quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)); *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010).  The evidence before the court regarding plaintiff's burn injuries could establish the objective component of an Eighth Amendment claim.

The second prong under *Estelle* requires a showing of "deliberate indifference" to plaintiff's serious medical need.  The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness.  A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety."  511 U.S. at 837.  The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care.  Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.  The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.  Thus, an official's failure

>to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Alspaugh v. McConnell*, 643 F.3d at 169; *Westlake*, 537 F.2d 860 n.5; *accord Minneci v. Pollard*, 132 S. Ct. 617 (2012) (refusing to imply a *Bivens* remedy against employees of a privately operated federal prison for allegedly providing inadequate medical care because state law authorized adequate alternative damages actions).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against defendants Wright, Molenkamp, Kissau, and Stephenson. Officer Molenkamp was the only defendant who had direct contact with plaintiff. Molenkamp made a determination that plaintiff should be required to wear a coat rather than allowing him to expose his injury to the cold of a Northern Michigan winter. There is no evidence that Molenkamp's decision was medically inappropriate. The remaining defendants had nothing to do with plaintiff's treatment, either on the day of his injury or thereafter. On the present record, no reasonable trier of fact could find that the moving defendants were deliberately indifferent to a serious medical need. I find that defendants Wright, Kissau, Molenkamp, and Stephenson are entitled to judgment in their favor as a matter of law on plaintiff's Eighth Amendment claims.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's claims for declaratory and injunctive relief be dismissed as moot. I further recommend that all plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motions for summary judgment (docket #s 11, 28) be granted and that a partial judgment be entered in favor of defendants Wright, Molenkamp, Kissau, and Stephenson on all plaintiff's claims for damages against them in their individual capacities.


Dated: February 6, 2012          /s/ Joseph G. Scoville
                                 United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).