UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN OGLE, # 712607,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　) 　Case No. 1:11-cv-124
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　) 　Honorable Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　)
PRISONER HEALTH SERVICES, et al.,　　)
　　　　　　　　　　　　　　　　　　　) 　**REPORT AND RECOMMENDATION**
　　　　　　　Defendants.　　　　　　　)
_____)

This is a civil rights action brought by a former state prisoner pursuant to 28 U.S.C. § 1983. Plaintiff's *pro se* complaint arises from an incident that occurred in December 2009, when plaintiff was an inmate at the Pugsley Correctional Facility. By previous orders, the court has dismissed claims against every defendant except Paula Meyer, a nurse practitioner assigned to the Pugsley Correctional Facility. Plaintiff asserts that Meyer was deliberately indifferent to plaintiff's need for medical attention, after plaintiff was scalded by boiling water thrown on him by another inmate.

Presently pending before the court is Meyer's motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Motion, docket # 37). The motion is supported by a detailed, eleven-page declaration by defendant Meyer chronicling the course of care afforded to plaintiff (docket # 37-2), medical records concerning plaintiff's treatment (docket # 39), and a declaration from Dr. Jeffrey Bomber, a medical doctor retained by defendant to opine on the question whether defendant Meyer acted appropriately and within the standard of care. (docket # 37-4). Although the motion for

summary judgment was filed over three months ago, plaintiff has failed to respond to the motion in any way. In fact, the Postal Service has been unable to deliver mail to plaintiff at the address he provided to the court. (*See* docket # 42).

For the reasons set forth below, I conclude that defendant Meyer has borne her initial burden of proving that no genuine issue of material fact exists and that she is entitled to judgment as a matter of law. Plaintiff has failed in his burden to come forward with evidence which, if believed, would entitle a rational trier of fact to find in plaintiff's favor. I therefore recommend that defendant's motion for summary judgment be granted.

## **Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 599 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

Although plaintiff elected not to file a response to defendant's motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine the movant's summary judgment motion to ensure that she has discharged her initial burden. FED. R. CIV. P. 56(e)(3).

## Discussion

Plaintiff alleges that defendant Meyer was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a

prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against defendant.

The second prong under *Wilson* requires a showing of "deliberate indifference" to plaintiff's serious medical need. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions

> for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Alspaugh v. McConnell*, 643 F.3d 162,169 (6th Cir. 2011); *Westlake*, 537 F.2d 860 n.5; *accord Minneci v. Pollard*, 132 S. Ct. 617 (2012) (refusing to imply a *Bivens* remedy against employees of a privately operated federal prison for allegedly providing inadequate medical care because state law authorized adequate alternative damages actions).

The declarations and medical records on file show that plaintiff was afforded constant medical care for his burns, beginning immediately upon his arrival in the Health Care Unit. Defendant Meyer's declaration (docket # 37-2) provides a detailed account of plaintiff's condition, the diagnoses made, the treatment provided, and the reasons for the medical choices made. Meyer's declaration is supported by nearly 200 pages of medical records (docket # 39) which document the care provided to plaintiff both in the Health Care Unit and later at the Munson Medical Center and the Duane L. Waters Hospital. It would serve no useful purpose to detail the course of plaintiff's medical treatment in this report and recommendation, as plaintiff has not contested either defendant Meyer's declaration or the accuracy of the medical records showing the nature of the care afforded to him.

After reviewing plaintiff's medical records, Dr. Jeffrey Bomber has opined as follows:

> 10. In the treatment plan that supervising physician Dr. Crompton and NP Meyer established is entirely appropriate for the treatment of first and second degree burns. I understand that the patient believes that he should have been sent to the hospital for his burns. However, the treatment that the patient received would be the type of treatment that the patient would have received had he gone to the hospital on December 22. The patent was placed on three different types of antibiotics: Keflex orally and Bacitracin and Silvadene topically. The patient was provided an opiate for pain relief, Tramadol, which is used to moderately severe around the clock pain. As will be discussed more fully below, the patient received nursing attention several times a day over the course of several days. While plaintiff may have ultimately developed an infection, as discussed below, this is a known complication of burns and has nothing to do with the treatment that Plaintiff received while at the correctional facility. Even if Plaintiff had been admitted to the hospital to stay on December 22, which is not likely, he could have easily developed an infection while hospitalized.

(Bomber Decl. ¶ 10, docket # 37-4). Later in his declaration, Dr. Bomber responds to plaintiff's assertions of improper care as follows:

> 40. I understand that the patient believes that NP Meyer should have immediately referred him to the hospital after the burn injury rather than have him remain within the Pugsley correctional setting. However, the decision to have the patient remain at Pugsley was entirely appropriate for the patient's condition. Second degree burns do not usually require grafting, and, although it seems counter-intuitive, infection rates at hospitals are significant. The care ordered for the patient was appropriate and within the standard of care for the healing of burns. In addition, the patient was provided Ultram as well as Toradol injections which kept the pain under control according to the patient's own statements within the medical records. When the patient began demonstrating the indicia of infection and increased pain, NP Meyer appropriately referred the patient to the hospital.

(*Id.* at ¶ 40).

The factual material presented by defendant Meyer is more than sufficient to meet her initial burden under Rule 56. When faced with a properly supported summary judgment motion, a plaintiff may not rest on his pleadings. Rather, a plaintiff has an affirmative burden of production, requiring him to present evidence sufficient to create a genuine issue of fact for trial. *Street*, 886

F.2d at 1478. Plaintiff could have met this burden in a number of ways, but elected not to respond to defendant Meyer's motion. The record is therefore devoid of admissible evidence upon which a reasonable jury could conclude that defendant Meyer displayed deliberate indifference to plaintiff's medical condition. To the contrary, the record clearly demonstrates that Meyer acted appropriately and responsibly and that even a medical malpractice claim on these facts would be meritless.

**Recommended Disposition**

On the present record, no rational trier of fact could conclude that defendant Meyer was deliberately indifferent to plaintiff's medical needs. I therefore recommend that defendant Meyer's motion for summary judgment (docket # 37) be granted and that judgment be entered in her favor on all claims. In light of this disposition, defendant's motion to dismiss for lack of prosecution (docket # 43) should be dismissed as moot.

Dated: January 10, 2013          /s/ Joseph G. Scoville
                                                         United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).